UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS LIMON, *et al.* | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-444 |
| | § | |
| DOUBLE EAGLE MARINE, L.L.C., | § | |
| | § | |
|     *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Double Eagle Marine, L.L.C.'s ("Double Eagle") motion for summary judgment. Dkt. 8. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the court GRANTS Double Eagle's motion for summary judgment.

**I. BACKGROUND**

Plaintiffs Luis Limon, Manuel Olivarez, Jr., and Porfirio Montalvo, were injured on January 9, 2007, while traveling aboard a crew boat that struck a moored, unlit barge in Sabine Lake. Dkt. 11 at 1. Plaintiffs filed suit in a separate case to recover damages for their injuries.[1] During discovery in that case, Double Eagle was identified as potentially: (1) the owner or charterer of the barge in question; (2) the party responsible for lighting the barge; and/or (3) the party who moved the barge to the location where it was struck. *Id.* Plaintiffs therefore filed the instant suit against Double Eagle asserting negligence claims. Dkt. 1.

---

[1] The case is *Limon, et al. v. Berryco Barge, et al.*, G-07-cv-724, consolidated with *In re Berryco Barge*, G-07-cv-541, and is pending before Judge L. Rosenthal.

On July 30, 2009, Double Eagle moved for summary judgment after some amount of discovery had been conducted in this case,[2] but before the discovery deadline passed. Dkt. 8. In its motion, Double Eagle states that it did not own or operate the barge, nor did it moor the barge in the location where it was struck on the night of the accident. Dkt. 8 at 2–3. In support of these statements, Double Eagle puts forth deposition testimony as well as Double Eagle's vessel logs. *Id.* Plaintiffs, in their response to the motion for summary judgment, concede that the discovery evidence makes clear that Double Eagle did not in fact own nor charter the barge. Dkt. 11 at 4. However, plaintiffs contend that further discovery needs to be conducted to determine whether Double Eagle did in fact move the barge on the night in question. *Id*.

A motion hearing was held on October 7, 2009. *See* Dkt. 15. During the hearing, the parties agreed that plaintiffs would have an additional thirty (30) days to conduct discovery. At the end of the thirty-day period, plaintiffs were to either move to dismiss the case against Double Eagle or produce sufficient evidence to overcome the motion for summary judgment. The thirty-day extension has now passed, but plaintiffs have done neither.

## II. STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material

---

[2]At the time the motion for summary judgment was filed, fourteen depositions had taken place in the companion case and this case, including all material depositions. Dkt. 12 at 2.

fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to

believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

In a maritime case, the elements of negligence are essentially the same as in a land-based negligence claim. *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 842 (5th Cir. 2005). Thus, to recover plaintiffs must demonstrate: (1) the defendant owed a duty to the plaintiffs; (2) the defendant breached this duty; (3) the plaintiffs were injured; and (4) there was a causal connection between plaintiffs' injuries and the defendant's conduct. *Abshire v. Gnots-Reserve, Inc. (In re Cooper/T. Smith*), 929 F.2d 1073, 1077 (5th Cir. 1991).

### III. ANALYSIS

Double Eagle presents excerpts from five different depositions, including depositions of the plaintiffs in this case, along with other affidavits and boat logs to demonstrate that it did not own or charter the barge, nor did it move the barge on the night of the accident. *See* Dkt. 8. The deposition and affidavit testimony makes clear that Double Eagle did not own or charter the barge, a point which the plaintiffs concede in their response. *See* Dkt. 11 at 4. Additionally, the deposition testimony and the vessel logs sufficiently demonstrate to the court that Double Eagle has met its

4

initial burden to show that it did not move the barge to the location where it was moored on the night of the accident. Dkt. 8, Exs. D, E.

In their response, plaintiffs argue that summary judgment is improper because there is a genuine issue of material fact as to whether Double Eagle moved the barge. Dkt. 11 at 5. To support this assertion, they point to testimony that Double Eagle moved the barge *the day before* the accident and also moved *similar* barges around this same time period. *Id.* Plaintiffs further argue that because Double Eagle was one of several tug operators on the job, it is *possible* they moved the barge they day of the accident. *Id.* These statements, however, are merely conjecture, and do not rise to the level of "specific facts" needed to overcome the motion for summary judgment.

## IV. CONCLUSION

Pending before the court is defendant Double Eagle's motion for summary judgment. Dkt. 8. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the court GRANTS Double Eagle's motion for summary judgment.

It is so ORDERED.

Signed at Houston, Texas on November 16, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY

5